UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

COLLINS PETTWAY,

        Defendant.

16-CR-76
DECISION AND ORDER

---

On October 12, 2018, a jury convicted Collins Pettway on several charges and acquitted him on several others. Docket Item 159. His brother and co-defendant, Michael Pettway, was acquitted on all charges. *Id.* Collins Pettway now moves for a judgment of acquittal, under Fed. R. Cr. P. 29, largely based on his brother's acquittal. For the reasons that follow, his motion is denied.

## **BACKGROUND**

### I. FACTS

The following facts[1] are summarized in the light most favorable to the government. *See United States v. Pizzonia*, 577 F.3d 455, 462 (2d Cir. 2009).

A confidential informant introduced Jeff Weyland, a detective with the Buffalo Police Department, to Collins Pettway in February 2015. Weyland, acting undercover, then purchased cocaine and cocaine base—commonly called "crack cocaine"—from Collins Pettway several times in 2015. For example, on February 18, 2015, Weyland

---

[1] These facts relate only to the convictions that Collins Pettway challenges. Other evidence at trial related to count 11, on which Collins Pettway was convicted for selling drugs in May 2016, and counts 10 and 12, on which he was acquitted.

met Collins Pettway in Buffalo, New York, not far from 460 Eggert Road, and purchased crack cocaine.

On February 19, 2015, they met again. This time, Weyland first met Collins Pettway near 634 Kenmore Avenue and then followed him to a gas station near 460 Eggert Road. Weyland waited at the gas station while Collins Pettway went to get crack cocaine; and when Collins Pettway returned, Weyland purchased the crack cocaine. Just before Collins Pettway sold Weyland the crack cocaine on February 19, 2015, another detective saw Collins Pettway at 460 Eggert Road.

On February 20, 2015, Michael Pettway rented two cars—a Kia and a Ford Edge—from a car rental company. Collins Pettway signed as an additional driver. Two weeks later, on March 3, 2015, Weyland met Collins Pettway in the parking lot at 634 Kenmore Avenue, and Weyland purchased more crack cocaine from Collins Pettway. On March 5, 2015, Weyland met Collins Pettway at the gas station near 460 Eggert Road where they had met before to buy and sell cocaine. During these two transactions, Collins Petway drove a Kia.

On March 7, 2015, Weyland again met Collins Pettway—this time at a store not far from the same gas station where they had met before—and purchased both cocaine and crack cocaine. During this transaction, Collins Pettway drove a Ford Edge. Just before both March meetings between Collins Pettway and Weyland, another detective watched Collins Pettway enter and exit 460 Eggert Road. During each of the five meetings between Weyland and Collins Pettway, Weyland provided Collins Pettway with money in exchange for cocaine, crack cocaine, or both.

Shortly after Weyland purchased drugs from Collins Pettway on March 7, 2015, the police executed search warrants at 460 Eggert Road and 634 Kenmore Avenue. The officers who conducted the search recovered several thousand dollars from both locations. They also found two bags of narcotics in the kitchen cupboard above the refrigerator at 460 Eggert Road—one bag with 56.3 grams of crack cocaine and the other with 53.52 grams of cocaine. More crack cocaine was found behind a microwave in the kitchen. The police found a metal strainer with drug residue in the kitchen sink and a digital scale in a kitchen cabinet near the sink. They found more cocaine in the bathroom. And they found packages of 1000.4 grams of cocaine and 67.13 grams of crack cocaine above a heating duct in the basement.

Michael Pettway's driver license, cash, and phones were found in a dresser drawer in the bedroom at 460 Eggert Road. Firearms were found in the bedroom closet.

A woman—Acara Davis—was present at 460 Eggert Road during the search. She testified that Michael Pettway lived there. And she had seen Collins Pettway there a few times before.

A forensic biologist found DNA consistent with Michael Pettway's and Collins Pettway's on items from 460 Eggert Road that could have been used to manufacture or distribute crack cocaine. Specifically, he found DNA consistent with Collins Pettway's on the metal strainer, and he found DNA consistent with Michael Pettway's on the scale in the kitchen, the firearms in the bedroom, and a package of crack cocaine in the basement.

## II. THE CHARGES

On December 27, 2017, a grand jury charged Michael Pettway and Collins Pettway with several drug-related offenses. Docket Item 70. They included:

- Count 1—conspiring to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing cocaine and 28 grams or more of a mixture of substance containing cocaine base (both defendants);
- Count 2—possessing with intent to distribute and distributing cocaine base on February 18, 2015 (Collins Pettway);
- Count 3—possessing with intent to distribute and distributing cocaine base on February 19, 2015 (Collins Pettway);
- Count 4—possessing with intent to distribute and distributing cocaine base on March 3, 2015 (Collins Pettway);
- Count 5—possessing with intent to distribute and distributing cocaine on March 5, 2015 (Collins Pettway);
- Count 6—possessing with intent to distribute and distributing cocaine and cocaine base on March 7, 2015 (Collins Pettway);
- Count 7—possessing with intent to distribute 28 grams or more of a mixture or substance containing cocaine base on March 7, 2015 (both defendants);
- Count 8—possessing with intent to distribute 500 grams or more of a mixture or substance containing cocaine on March 7, 2015 (both defendants);
- Count 9—maintaining a drug-involved premises (both defendants);
- Count 10—possessing firearms in furtherance of drug trafficking crimes (both defendants);

- Count 11—possessing with intent to distribute and distributing cocaine base on May 25, 2016 (Collins Pettway);

- Count 12—possessing with intent to distribute cocaine base on October 18, 2017 (Collins Pettway); and

- An additional allegation—committing the offense described in count 12 while released under Chapter 208 of Title 18 of the United States Cote, in violation of 18 U.S.C. § 3147 (Collins Pettway).

Docket Item 70.

### III. VERDICT

The jury acquitted Michael Pettway on all counts, but it convicted Collins Pettway of conspiracy and several substantive counts. Docket Item 159. More specifically, Collins Pettway was convicted of conspiracy to distribute and to possess with intent to distribute at least 500 grams of cocaine and 28 grams of cocaine base in February and March 2015. *Id.* He also was convicted of six counts of hand-to-hand sales of crack cocaine or cocaine: on February 18, 2015; February 19, 2015; March 3, 2015; March 5, 2015; March 7, 2015; and May 25, 2016. *Id.* The jury also convicted him of possessing with intent to distribute 28 grams or more of crack cocaine and 500 grams or more of cocaine on March 7, 2015, and maintaining 460 Eggert Road, apartment number 1, as a drug-involved premises. *Id.* The jury acquitted Collins Pettway of possessing firearms in furtherance of drug trafficking crimes. *Id.* And it acquitted him of possessing crack

5

cocaine with intent to distribute it while he was released on bail on October 18, 2017.[2]
*Id.*

## **DISCUSSION**

Collins Pettway argues that the evidence at trial was insufficient to sustain his conviction on four of the charges. Docket Item 172 at 3-10. Specifically, and in light of his brother's acquittal, Collins Pettway argues that he must be acquitted on count 1, the conspiracy charge, *id.* at 3-6, and on the "three counts [counts 7-9] in which Collins Pettway is charged with aiding and abetting Michael Pettway," *id.* at 6-8, including count 9, maintaining a drug-involved premises, *id.* at 8-10.

"As a general matter, a defendant challenging the sufficiency of the evidence . . . bears a heavy burden, . . . as the standard of review is exceedingly deferential." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal citations and quotation marks omitted). Courts "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (quoting *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008)). And courts must "uphold the judgments of conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

---

[2] Because Collins Pettway was not convicted of having possessed with intent to distribute crack cocaine on October 18, 2017, the additional allegation that he violated 18 U.S.C. § 3147 was moot.

6

**I.    COUNT 1 (NARCOTICS CONSPIRACY)**

Collins Pettway argues that the evidence submitted to the jury at trial was insufficient to sustain his conviction on count 1—conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing cocaine and 28 grams or more of a mixture or substance containing cocaine base. Docket Item 172 at 3-6.

"To prove conspiracy, the government must show that the defendant agreed with another to commit the offense; that he 'knowingly' engaged in the conspiracy with the 'specific intent to commit the offenses that were the objects of the conspiracy'; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999) (quoting *United States v. Salameh*, 152 F.3d 88, 145-46 (2d Cir. 1998)). "[T]he 'existence of and participation in a conspiracy may be established through circumstantial evidence.'" *United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir. 1984) (emphasis omitted) (quoting *United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982)). "However, there must be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *Id*.

The government introduced enough evidence at trial to support a rational juror's conclusion that Collins Pettway agreed with his brother Michael to distribute drugs. Multiple witnesses testified to seeing Collins Pettway enter and leave 460 Eggert Road immediately before he distributed cocaine or crack cocaine. Inside that property police discovered large quantities of cocaine and crack cocaine as well as material that a rational trier of fact could have determined was used to weigh drugs and manufacture crack cocaine. But Acara Davis testified that Michael Pettway lived in the apartment

7

and Collins Pettway did not.  Moreover, Michael Pettway's identification was found in the bedroom of 460 Eggert Road, and his DNA was found on items in the house.  Therefore, rational jurors could have found at the very least that Michael Pettway agreed to let Collins Pettway use his residence as a stash house.

On top of all that, witnesses testified that Michael Pettway signed the rental agreements for various cars that Collins used to distribute narcotics.  *See United States v. Artis*, 523 F. App'x 98, 100 (2d Cir. 2013) ("Multiple witnesses testified to [defendant's] central role in a drug dealing conspiracy, and additional documentary evidence, including . . . rental car receipts, . . . corroborated the witness testimony.").  The evidence was sufficient to establish a drug conspiracy between the Pettway brothers.

The defendant argues that "the acquittal of Michael Pettway leaves one to speculate about the members of the alleged conspiracy in this case, who they were, and what were their agreements?"  Docket Item 172 at 5.  But "a criminal defendant convicted by a jury on one count [can] not attack that conviction because it [is] inconsistent with the jury's verdict of acquittal on another count."  *United States v. Powell*, 469 U.S. 57, 58 (1984) (citing *Dunn v. United States*, 284 U.S. 390 (1932)).  "Inconsistency in a verdict is not a sufficient reason for setting it aside."  *Harris v. Rivera*, 454 U.S. 339, 345 (1981).

That rule extends "to verdicts that treat codefendants in a joint trial inconsistently."  *Id.* (citing *United States v. Dotterweich*, 320 U.S. 277, 279 (1943)); *see United States v. Acosta*, 17 F.3d 538, 544-545 (2d Cir. 1994).  "Consistency in the verdict is not necessary.  Each count in an indictment is regarded as if it was a separate

8

indictment. . . . If separate indictments had been presented against the defendant[s] for [conspiracy], and [they] had been separately tried, the same evidence being offered in support of each, an acquittal [for one defendant] could not be pleaded as *res judicata* of the other." *Powell*, 469 U.S. at 62-63 (quoting *Dunn*, 284 U.S. at 393) (other citations omitted). "The most that can be said in [these] cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. [Courts] interpret the acquittal as no more than [the jurors'] assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Steckler v. United States*, 7 F.2d 59, 60 (2d Cir. 1925). So the fact that Michael Pettway was acquitted of the conspiracy charge is of no moment.[3]

## II. COUNTS 7-9

Collins Pettway argues that the evidence submitted to the jury at trial was insufficient to sustain his conviction on counts 7, 8, and 9. Docket Item 172 at 6-10. On count 7, the jury convicted Collins Pettway of possessing 28 grams or more of a mixture and substance containing crack cocaine with the intent to distribute it on March 7, 2015. On count 8, it convicted him of possessing 500 grams or more of a mixture and substance containing cocaine with intent to distribute it on the same date. Docket Item 70 at 4. And on count 9, the jury convicted him of maintaining a drug-involved

---

[3] For example, the jury might have believed that Michael Pettway simply let Collins Pettway use Michael Pettway's house for drug storage and sales and concluded that Michael Pettway should not be convicted for that limited role. In other words, the jury might have concluded that Michael Pettway was a coconspirator, just not enough of one to warrant a criminal conviction. Such speculation is just that—speculation. But it illustrates why acquittal of one defendant does not require acquittal of the other.

premises. Docket Item 70 at 5.[4] All three counts centered around drugs and paraphernalia found at 460 Eggert Road.

At trial, witnesses testified that on March 7, 2015, Collins Pettway visited 460 Eggert Road, met Weyland, and sold Weyland narcotics. In addition, witnesses testified that Collins Pettway visited that same property immediately before other drug transactions. The jury also heard testimony that later on March 7, 2015, the police found more than 75 grams of crack cocaine and over 1000 grams of cocaine at 460 Eggert Road. And the jury learned that the police recovered material that could be used to manufacture crack cocaine at 460 Eggert Road on March 7, 2015, and that Collins Pettway's DNA was found on one of those items. On those facts, a rational juror could have convicted Collins Pettway of the crimes charged in counts 7, 8, and 9. *See United States v. Facen*, 812 F.3d 280, 287, 289-90 (2d Cir. 2016).

The Second Superseding Indictment charged counts 7, 8, and 9 against Collins Pettway and Michael Pettway directly and under 18 U.S.C. § 2, which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures it commission, is punishable as a principal." In light of the fact that Michael Pettway was acquitted of these charges, Collins Pettway argues that he "could not have aided and abetted Michael Pettway" in *Michael*'s possession with intent to distribute the drugs found at 460 Eggert Road. Docket Item 175 at 6. But for the reasons stated above, whether the jury acquitted Michael Pettway is irrelevant to Collins Pettway's conviction. *See Steckler*, 7 F.2d 60. What is more, there was

---

[4] The Second Superseding Indictment charged that Michael and Collins Pettway knowingly, intentionally, and unlawfully used and maintained the premises at 460 Eggert Road for manufacturing, distributing, and using cocaine and cocaine base.

10

sufficient evidence to permit the jury to find that Collins Pettway was criminally liable for the substantive offenses charged in counts 7-9 as a principal, so whether it was Michael or Collins that the jury may have believed was the principal or the aider and abettor is immaterial.  *See United States v. Gleason*, 616 F.2d 2, 20-21 (2d Cir. 1979).

## **CONCLUSION**

For the reasons stated above, the defendant's Rule 29 motion, Docket Item 172, is DENIED.

SO ORDERED.

Dated:	August 22, 2019
	Buffalo, New York

	*s/ Lawrence J. Vilardo*
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE